IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARLO A. JONES<br><br>v.<br><br>LVNV FUNDING, LLC and RESURGENT CAPITAL SERVICES, L.P. | CIVIL ACTION<br><br>NO. 16-cv-2735 |

**MEMORANDUM RE DEFENDANTS' MOTION TO DISMISS**

Baylson, J.                                                                                                                                                         July 20, 2016

### I.    Introduction

Defendants move pursuant to Federal Rules of Civil Procedure 12(b)(6) and 13(a) to dismiss Plaintiff Marlo A. Jones ("Jones")'s claims for common-law defamation and violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692(d), (e), and (f) ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4(a) ("FCEUA"), the Pennsylvania Unfair Trade Practices & Consumer Protection Law, 73 P.S. § 201-2(4)(xxi) ("UTPCPL"), and the federal Fair Credit Reporting Act, 15 U.S.C. §§ 1681S-2. Defendants allege that Jones's claims are now barred by claim preclusion because he did not assert them as counterclaims in a previous debt collection action in the Philadelphia Municipal Court. ECF 4.

For the reasons that follow, Defendants' Motion shall be denied.

### II.    Factual Allegations

On May 14, 2015, Defendants filed a Statement of Claim against Jones in the Philadelphia Municipal Court for $3,519.51 for an alleged default on a Springleaf Financial Services, Inc. credit account (the "Collection Lawsuit"), which resulted in a judgement in Jones's favor. Jones did not assert any counterclaims against Defendants.

1

### III.     Analysis

####    A.  Standard for a Motion to Dismiss

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

####    B.  Pennsylvania Law Determines the Preclusive Effect, If Any, of the Collection Lawsuit

"A federal court applying preclusion principles is bound by the Full Faith and Credit statute, 28 U.S.C. § 1738, and must give a prior state judgment the same effect as would the adjudicating state." Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988) (citing Davis v. U.S. Steel Supply, 688 F.2d 166, 170 (3d Cir. 1982) (en banc)). Accordingly, "where a state court decision is alleged to have a preclusive effect on a later action in federal court, the federal court must apply the preclusion principles developed by that state." White v. Long Beach Mortg., CIVIL ACTION No. 06-2843, 2007 U.S. Dist. LEXIS 84830, at *6-7 (E.D. Pa. Nov. 7, 2007) (citing Gregory, 843 F.2d at 116).

Defendants are mistaken in arguing that Federal Rule of Civil Procedure 13(a) governs the preclusive effect of the judgment in the Collection Lawsuit. Instead, this Court must look to Pennsylvania's Rules of Civil Procedure.

### C. Because Counterclaims are Not Compulsory in Pennsylvania Courts, Claim Preclusion Does Not Bar Jones's Claims Here

Under Pennsylvania state law, claim preclusion[1] holds that "a final valid judgment upon the merits by a court of competent jurisdiction bars any future suit between the parties or their privies, on the same cause of action." Allegheny Int'l v. Allegheny Ludlum Steel Corp., 40 F.3d 1416, 1429 (3d Cir. 1994) (quoting Keystone Bldg. Corp. v. Lincoln Sav. & Loan Ass'n, 360 A.2d 191, 194 (Pa. 1976)). Claim preclusion applies only where there is (1) identity in the thing sued for, (2) identity in the cause of action, (3) identity of the persons and parties to the action, and (4) identity of the quality in the persons for or against whom the claim is made. Id. (quoting City of Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896, 901 (Pa. 1989)).

To have (1) identity in the thing sued upon and (2) identity in the cause of action, where the defendant argues the plaintiff should have raised the current claims as counterclaims in an earlier action, the earlier action must be subject to a compulsory counterclaim rule. White, 2007 U.S. Dist. LEXIS 84830, at *6-7.

Actions in Pennsylvania courts are not subject to a compulsory counterclaim rule because Pennsylvania Rule of Civil Procedure 1148 permits, but does not compel, counterclaims. See Pa. R. Civ. P. 1148; Council Rock Sch. Dist. v. Bolick, 462 F. App'x 212, 214 (3d Cir. 2012) (unpublished); Williams v. Phila. Hous. Auth., CIVIL ACTION No. 94-7357, 1996 U.S. Dist. LEXIS 3819, at *8 (E.D. Pa. Mar. 28, 1996); Hunsicker v. Brearman, 586 A.2d 1387, 1390 (Pa. Super. Ct. 1991). Accordingly, defendants in Pennsylvania courts are "not required to pursue the cause of action raised in the counterclaim in the same proceeding, but can file a separate suit." Mistick Inc. v. City of Pittsburgh, 646 A.2d 642, 644 (Pa. Commw. Ct. 1994).

---

[1] "Claim preclusion replaces 'res judicata' and encompasses both merger and bar principles in giving dispositive effect in a later action to a prior judgment . . . Claim preclusion prevents a party from prevailing on issues he might have but did not assert in the first action." Gregory v. Chehi, 843 F.2d 111, 116 (3d Cir. 1988).

3

Because Pennsylvania law did not require Jones to pursue his current claims in the Collection Lawsuit, there is no basis to hold that claim preclusion applies. See Kaymark v. Bank of Am., N.A., 783 F.3d 168, 173 (3d Cir. 2015) (permitting the plaintiff to assert claims under the FCEUA, FDCPA, and UTPCPL in federal court despite the existence of a parallel related state court foreclosure action, albeit without explicitly considering claim preclusion). Accordingly, Defendants' argument fails.

### D. Even Assuming Rule 13(a) Controls, Jones's Suit is Not Barred Because His Claims Arise from a Different Transaction or Occurrence

Under Rule 13(a), a counterclaim is compulsory only where it "aris[es] out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a); Ambromovage v. United Mine Workers, 726 F.2d 972, 988 n.45 (3d Cir. 1984). That is, the counterclaim must bear a "logical relationship" to the claim such that separate trials would "involve a substantial duplication of effort and time." Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc., 292 F.3d 384, 389-90 (3d Cir. 2002).

In examining the propriety of a defendant asserting the underlying debt as a counterclaim in actions alleging violations of state and/or federal statutes governing debt collection, numerous courts have held that there is no compulsory counterclaim relationship. See Kimmel v. Cavalry Portfolio Servs., LLC, 747 F. Supp. 2d 427, 431 (E.D. Pa. 2010) (finding that a FDCPA claim and a state law debt collection counterclaim arise from different transactions or occurrences, and therefore the debt collection counterclaim is not compulsory in a FDCPA action); Orloff v. Syndicated Office Sys., CIVIL ACTION NO. 00-CV-5355, 2003 U.S. Dist. LEXIS 15466, at *7-9 (E.D. Pa. Aug. 20, 2003) (finding that FDCPA and FCEUA claims do not arise from the same

4

transaction as a debt collection claim).[2] The same logic applies to the reverse factual situation in this case, in which Jones's allegations regarding the propriety of Defendants' debt collection practices were not compulsory counterclaims in the Collection Lawsuit.[3]

Because Jones's claims arise from the Defendants' alleged misconduct in the debt collection process rather than the debt itself, they do not stem from the same "transaction or occurrence" as the Collection Lawsuit. Under Rule 13(a), Jones's claims are therefore not compulsory counterclaims such that even if Rule 13(a) did apply, claim preclusion would not bar Jones's claims in this suit.

## IV. Conclusion

Because Pennsylvania law governs the preclusive effect of the judgment in the Collection Lawsuit, and because there are no compulsory counterclaims in Pennsylvania, there is no basis to dismiss Jones's claims in this suit on the basis of claim preclusion. The Court would reach the same result under the compulsory counterclaim standards of the Federal Rules of Civil Procedure as Jones's claims do not arise from the same transaction or occurrence as the underlying Collection Lawsuit. Therefore, Defendants' Motion to Dismiss shall be denied.

An appropriate Order follows.

O:\CIVIL 16\16-2735 Jones v. LVNV Funding LLC\16cv2735 opinion re MTD.docx

---

[2] See also Zhang v. Haven-Scott Assocs., CIVIL ACTION No. 95-2126, 1996 U.S. Dist. LEXIS 8738, at *25-26 (E.D. Pa. June 21, 1996) (finding that a FDCPA claim does not arise from the same transaction as a debt collection claim); Ayres v. Nat'l Credit Mgmt. Corp., Civil Action No. 90-5535,1991 U.S. Dist. LEXIS 5629, at *4 (E.D. Pa. Apr. 25, 1991) (same).

[3] Furthermore, the Court notes that the Philadelphia Municipal Court has jurisdiction only over small claims cases in which $12,000 or less is in controversy. See http://www.courts.phila.gov/municipal/civil/ (last visited July 19, 2016). Given that Jones's claims likely exceed that amount, it is doubtful he even could have pled them in the Collection Lawsuit.